UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-00285-WYD-BNB

STEPHEN W. BRISCOE;
CONTINUUM HEALTH PARTNERSHIPS, INC.;
CONTINUUM HEALTH MANAGEMENT, LLC; and,
MOUNTAIN STATES HEALTH PROPERTIES, LLC,

    Plaintiffs,

v.

KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States
    Department of Health and Human Services;
SETH D. HARRIS, in his official capacity as Acting Secretary of the United States
    Department of Labor;
NEAL WOLIN, in his official capacity as Acting Secretary of the United States
    Department of the Treasury;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and,
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

**ORDER**

    THIS MATTER is before the Court on the plaintiffs':  (1) Motion For Preliminary Injunction [ECF No. 15]; (2) Motion For An Order Or, In The Alternative, Request To Set Motion For Preliminary Injunction For Hearing [ECF No. 34]; (3) Motion For An Order Or, In The Alternative, Request To Set Plaintiffs' Preliminary Injunction Motion For Hearing And Request For Forthwith Consideration [ECF No. 39]; and, (4) Emergency Application For A Temporary Restraining Order Pending The Court's Ruling On Plaintiff's Motion For Preliminary Injunction And Request For Forthwith Consideration [ECF No. 40].  For the reasons noted herein and in light of the United States Court of

Appeals for the Tenth Circuit's ruling in *Hobby Lobby Stores v. Sebelius*, 2013 U.S. App. LEXIS 13316 (10th Cir. 2013), the motions are DEFERRED pending Judge Heaton's resolution of the plaintiffs' motion for preliminary injunction in *Hobby Lobby Stores, Inc. v. Sebelius*, 12-cv-01000-HE (W.D. Okla.), upon remand.

## BACKGROUND

On February 19, 2013, plaintiffs, Stephen W. Briscoe, Continuum Health Partnerships, Inc., Continuum Health Management, LLC, and Mountain States Health Properties, LLC, ("the Plaintiffs") filed a Motion for Temporary Restraining Order ("TRO") [ECF No. 16], arguing that the Patient Protection and Affordable Health Care Act ("AHCA"), Pub. L. No. 111-148, 124 Stat. 119 (2010), violates their religious rights because it forces them to provide insurance plans providing free contraceptives, abortifacients, and sterilization procedures to women.  The Plaintiffs allege that the AHCA violates:  (1) the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to bb-4; and, (2) the Free Exercise, Establishment, and Free Speech Clauses of the First Amendment to the Constitution of the United States.  On February 25, 2013, I held a hearing and heard arguments from both parties regarding the plaintiffs' Motion For Temporary Restraining Order [ECF No. 16].  On February 27, 2013, I issued an Order [ECF No. 25] denying the Plaintiffs' Motion For Temporary Restraining Order [ECF No. 16]. *Briscoe v. Sebelius*, 2013 U.S. Dist. LEXIS 269911 (D. Colo. Feb. 27, 2013).

In my opinion denying the Plaintiff's Motion For Temporary Restraining Order [ECF No. 16], I relied on Judge Heaton's opinion in *Hobby Lobby Stores, Inc. v. Sebelius*, 870 F. Supp. 2d 1278 (W.D. Okla. Nov. 19, 2012).  In *Hobby Lobby*, Hobby

Lobby Stores, Inc. and Martel, Inc. along with several individual plaintiffs, filed suit against Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, alleging that the AHCA's preventative care mandate violates the RFRA and the First Amendment's Free Exercise Clause.  The plaintiffs object to the AHCA's preventative care mandate because it forces them to "provide health insurance coverage for abortion-inducing drugs and devices, as well as related education and counseling," which runs counter to their sincerely held religious beliefs. *Hobby Lobby*, 870 F. Supp. 2d at 1283.  Judge Heaton denied the plaintiff's motion for preliminary injunction holding that:  (1) the secular, for-profit corporate plaintiffs *i.e.*, Hobby Lobby and Mardel, lack standing to bring their claims; and, (2) the individual plaintiffs failed to demonstrate a probability of success on their claims. *Id.* at 1296.  The plaintiffs appealed the decision and moved for an injunction pending resolution of the appeal.  A two-judge panel from the Tenth Circuit denied the plaintiffs' injunction pending appeal. *Hobby Lobby Stores, Inc. v. Sebelius*, 2012 U.S. App. LEXIS 26741 (10th Cir. 2012).

While the plaintiffs' appeal in *Hobby Lobby* was pending, the Plaintiffs filed a Motion For An Order Or, In The Alternative, Request To Set Motion For Preliminary Injunction For Hearing [ECF No. 34].  At my direction, one of my law clerks instructed the parties that I would not issue an order regarding the Plaintiffs' pending Motion For Preliminary Injunction [ECF No. 15] until the Tenth Circuit issued a ruling on the *Hobby Lobby* appeal.  On Thursday, June 27, 2013, the Tenth Circuit issued an *en banc* opinion regarding the *Hobby Lobby* appeal.  In reversing and remanding the case back to Judge Heaton of the Western District of Oklahoma, the Tenth Circuit held that:  (1) Hobby Lobby and Mardel have standing bring RFRA claims; (2) the plaintiffs have

established a likelihood of success that their rights under the RFRA are substantially burdened by the AHCA's preventative care mandate; and, (3) the plaintiffs have established that they will suffer irreparable harm if an injunction is not issued. *Hobby Lobby*, 2013 U.S. App. LEXIS 13316, * 2-3.  Because the Tenth Circuit did not reach a majority opinion regarding the last two factors for issuance of a preliminary injunction *i.e.*, whether the harm alleged by the movant outweighs any harm to the non-moving party and whether a preliminary injunction is in the public interest, the Tenth Circuit remanded the case to Judge Heaton to "address the remaining two preliminary injunction factors and then assess whether to grant or deny the plaintiffs' motion." *Id.* at 81.  I learned from Judge Heaton's chambers that in response to the Tenth Circuit's ruling, Judge Heaton issued a TRO enjoining enforcement of the AHCA's preventative care mandate against the plaintiffs and set a Preliminary Injunction Hearing for Friday, July 19, 2013.

## CONCLUSION

Upon review of the case file and the Tenth Circuit's *Hobby Lobby* decision, I find that it is appropriate to defer a ruling on all pending motions in this case until I have considered Judge Heaton's ruling on the plaintiffs' motion for preliminary injunction in *Hobby Lobby Stores, Inc. v. Sebelius*, 12-cv-01000-HE (W.D. Okla.), upon remand. Therefore, it is

ORDERED that a ruling on all pending motions in this case is **DEFERRED** until Judge Heaton issues a ruling on the plaintiffs' motion for preliminary injunction in *Hobby Lobby Stores, Inc. v. Sebelius*, 12-cv-01000-HE (W.D. Okla.).  It is

- 5 -

FURTHER ORDERED that the parties **shall not telephone or otherwise contact chambers regarding this matter since there have been excessive and unproductive communications with my staff.  If the parties seek clarification regarding any issue, they must file a motion**.  **Failure to comply with this directive could result in the imposition of sanctions**.

Upon Judge Heaton's ruling regarding the plaintiffs' motion for preliminary injunction, I will issue an Order apprising the parties on how this matter shall proceed.

Dated:  July 3, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge