UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-00285-WYD-BNB

STEPHEN W. BRISCOE;
CONTINUUM HEALTH PARTNERSHIPS, INC.;
CONTINUUM HEALTH MANAGEMENT, LLC; and,
MOUNTAIN STATES HEALTH PROPERTIES, LLC,

      Plaintiffs,

v.

KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States
      Department of Health and Human Services;
SETH D. HARRIS, in his official capacity as Acting Secretary of the United States
      Department of Labor;
NEAL WOLIN, in his official capacity as Acting Secretary of the United States
      Department of the Treasury;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and,
UNITED STATES DEPARTMENT OF THE TREASURY,

      Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Stephen W. Briscoe, Continuum Health

Partnerships, Inc., Continuum Health Management, LLC, and Mountain States Health

Properties, LLC's:  (1) Motion For Preliminary Injunction [ECF No. 15]; (2) Motion For

An Order Or, In The Alternative, Request To Set Motion For Preliminary Injunction For

Hearing [ECF No. 34]; (3) Motion For An Order Or, In The Alternative, Request To Set

Plaintiffs' Preliminary Injunction Motion For Hearing and Request For Forthwith

Consideration [ECF No. 39]; (4) Emergency Application For A Temporary Restraining

Order Pending The Court's Ruling On Plaintiffs' Motion For Preliminary Injunction and

Request For Forthwith Consideration [ECF No. 40]; and, (5) Second Emergency

Application For A Temporary Restraining Order Pending The Court's Ruling On

Plaintiffs' Motion For Preliminary Injunction Or, In The Alternative, A Request For A

Preliminary Injunction and Request For Forthwith Consideration [ECF No. 42].

## ANALYSIS

On June 27, 2013, the United States Court of Appeals for the Tenth Circuit

issued its decision in *Hobby Lobby Stores, Inc. v. Sebelius*, 2013 U.S. App. LEXIS

13316, regarding a similar challenge to the Patient Protection and Affordable Health

Care Act ("AHCA"), Pub. L. No. 111-148, 124 Stat. 119 (2010), as is presented in the

case at bar.  The Tenth Circuit, sitting *en banc*, held that:  (1) Hobby Lobby and Mardel

(a Christian bookstore) are persons under the Religious Freedom Restoration Act

("RFRA"), 42 U.S.C. §§ 2000bb to bb-4, and are entitled to bring RFRA claims; (2) the

plaintiffs demonstrated that the AHCA's mandate substantially burdened their religious

exercise; (3) the plaintiffs established a likelihood of success on their RFRA claims; and,

(4) the plaintiffs established that they would suffer irreparable harm if an injunction was

not issued. 2013 U.S. App. LEXIS 13316, *2.  Because the *en banc* Tenth Circuit did

not reach a majority on whether the plaintiffs satisfied the latter two requirements for

issuance of a preliminary injunction *i.e.*, whether the harm alleged by the movant

outweighs any harm to the non-moving party and whether an injunction is in the public

interest, it remanded the case back to the district court with instructions to "address the

remaining two preliminary injunction factors and then assess whether to grant or deny

the plaintiffs' motion." *Id.* at *81.

In analyzing the third requirement for issuance of preliminary injunction *i.e.*, whether the harm alleged by the movant outweighs any harm to the non-moving party, the Tenth Circuit explained the AHCA's preventative mandate and stated:

> The FDA [Food and Drug Administration] has approved twenty such methods [that fall under the AHCA's preventative care mandate], ranging from oral contraceptives to surgical sterilization. Four of the twenty approved methods—two types of intrauterine devices (IUDs) and the emergency contraceptives commonly known as Plan B and Ella—can function by preventing the implantation of a fertilized egg. The remaining methods function by preventing fertilization.

*Id.* at 9.  The Tenth Circuit then went on to state that the plaintiffs oppose only four of the twenty approved methods.  Specifically, the plaintiffs oppose preventative care "that prevent[s] uterine implantation," not conception. *Id.* at *10 n.3.  The Tenth Circuit took this important fact into consideration when it stated:

> A preliminary injunction would forestall the government's ability to extend all twenty approved contraceptive methods to Hobby Lobby and Mardel's 13,000 employees. *But Hobby Lobby and Mardel will continue to provide sixteen of the twenty contraceptive methods*, so the government's interest is largely realized while coexisting with Hobby Lobby and Mardel's religious objections.

*Id.* at *79 (emphasis added).

I cannot glean from the record whether the plaintiffs in the case at bar present an identical objection as the plaintiffs in *Hobby Lobby*.  The Tenth Circuit took particular notice of the precision of the plaintiffs' objection to the AHCA in *Hobby Lobby*.  I am persuaded that I do the same.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that the parties shall file supplemental briefing on the limited issue of the exact and precise scope of the plaintiffs' objection to the AHCA's preventative care mandate.  **Specifically, the plaintiffs shall inform the Court on how many of the twenty approved FDA methods they object to, and the defendants shall state what difference, if any, does the number of objections to the FDA approved methods make in the overall determination of whether to issue a preliminary injunction. The parties shall file their respective briefs on or before Tuesday, September 3, 2013**.   It is

FURTHER ORDERED that a hearing regarding the limited issue set forth in this Order is set for **Thursday**, **September 5**, **2013**, **at 3:00 p.m. in Courtroom A-1002**.

Dated:  August 27, 2013.


BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge