UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-00285-WYD-BNB

STEPHEN W. BRISCOE;
CONTINUUM HEALTH PARTNERSHIPS, INC.;
CONTINUUM HEALTH MANAGEMENT, LLC; and,
MOUNTAIN STATES HEALTH PROPERTIES, LLC,

      Plaintiffs,

v.

KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States
      Department of Health and Human Services;
SETH D. HARRIS, in his official capacity as Acting Secretary of the United States
      Department of Labor;
NEAL WOLIN, in his official capacity as Acting Secretary of the United States
      Department of the Treasury;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and,
UNITED STATES DEPARTMENT OF THE TREASURY,

      Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Stephen W. Briscoe, Continuum Health

Partnerships, Inc., Continuum Health Management, LLC, and Mountain States Health

Properties, LLC's ("the Plaintiffs"):  (1) Motion For Preliminary Injunction [ECF No. 15];

(2) Motion For An Order Or, In The Alternative, Request To Set Motion For Preliminary

Injunction For Hearing [ECF No. 34]; (3) Motion For An Order Or, In The Alternative,

Request To Set Plaintiffs' Preliminary Injunction Motion For Hearing and Request For

Forthwith Consideration [ECF No. 39]; (4) Emergency Application For A Temporary

Restraining Order Pending The Court's Ruling On Plaintiffs' Motion For Preliminary

Injunction and Request For Forthwith Consideration [ECF No. 40]; and, (5) Second

Emergency Application For A Temporary Restraining Order Pending The Court's Ruling

On Plaintiffs' Motion For Preliminary Injunction Or, In The Alternative, A Request For A

Preliminary Injunction and Request For Forthwith Consideration [ECF No. 42].

For the reasons stated below, the Plaintiffs':  (1) Motion For Preliminary

Injunction [ECF No. 15] is GRANTED; (2) Second Emergency Application For A

Temporary Restraining Order Pending The Court's Ruling On Plaintiffs' Motion For

Preliminary Injunction Or, In The Alternative, A Request For A Preliminary Injunction

and Request For Forthwith Consideration [ECF No. 42] is GRANTED to the extent the

Plaintiffs seek a preliminary injunction; and, (3) Motion For An Order Or, In The

Alternative, Request To Set Motion For Preliminary Injunction For Hearing [ECF No.

34], Motion For An Order Or, In The Alternative, Request To Set Plaintiffs' Preliminary

Injunction Motion For Hearing and Request For Forthwith Consideration [ECF No. 39],

and, Emergency Application For A Temporary Restraining Order Pending The Court's

Ruling On Plaintiffs' Motion For Preliminary Injunction and Request For Forthwith

Consideration [ECF No. 40] are DENIED AS MOOT.

## BACKGROUND

On February 15, 2013, Stephen W. Briscoe, Continuum Health Partnerships,

Inc., Continuum Health Management, LLC, and Mountain States Health Properties, LLC

(collectively "the Plaintiffs"), filed a Motion For Preliminary Injunction [ECF No. 15],

requesting that I enjoin Kathleen Sebelius, Seth D. Harris, Neil Wolin, the United States

Department of Health and Human Services, the United States Department of Labor, and

the United States Treasury (collectively "the Defendants") from enforcing the Patient

Protection and Affordable Health Care Act ("AHCA"), Pub. L. No. 111-148, 124 Stat.

119 (2010), because it allegedly violates the Plaintiffs' religious rights by forcing them to

provide insurance plans providing free contraceptives, abortifacients, and sterilization

procedures to women.  Specifically, the Plaintiffs argue that the AHCA violates:  (1) the

Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to bb-4; and, (2) the

Free Exercise, Establishment, and Free Speech Clauses of the First Amendment to the

Constitution of the United States.  Four days later, the Plaintiffs' filed a Motion For

Temporary Restraining Order [ECF No. 16], presenting identical arguments as set forth

in their Motion For Preliminary Injunction [ECF No. 15].

Briscoe is an Evangelical Christian and owns Continuum Health Partnerships,

Inc., Continuum Health Management, LLC, and Mountain States Health Properties,

LLC.  Briscoe's secular, for-profit companies manage and operate senior care assisted

living centers and skilled nursing facilities.  Briscoe is the sole member and manager of

Continuum Health Management, LLC and Mountain States Health Properties, LLC.

Briscoe is also the lone shareholder of Continuum Health Partnerships, Inc.

On February 25, 2013, I held a hearing and heard arguments from both parties

regarding the Plaintiffs' Motion For Temporary Restraining Order [ECF No. 16].  On

February 27, 2013, I issued an Order [ECF No. 25] denying the Plaintiffs' Motion For

Temporary Restraining Order [ECF No. 16]. ECF No. 25, p. 17.

On July 1, 2013, the Plaintiffs filed a Motion For An Order Or, In The Alternative,

Request To Set Plaintiffs' Preliminary Injunction Motion For Hearing and Request For

Forthwith Consideration [ECF No. 39].  In that motion, the Plaintiffs request that I enter

an order granting their Motion For Preliminary Injunction [ECF No. 15] in light of the

United States Court of Appeals for the Tenth Circuit's decision in *Hobby Lobby Stores, Inc. v. Sebelius*, 2013 U.S. App. LEXIS 13316 (10th Cir. June 27, 2013).  On July 2, 2013, the Plaintiffs filed an Emergency Application For A Temporary Restraining Order Pending The Court's Ruling On Plaintiffs' Motion For Preliminary Injunction and Request For Forthwith Consideration [ECF No. 40].  In that motion, the Plaintiffs argue that in light of the Tenth Circuit's decision in *Hobby Lobby*, I should enter a temporary restraining order in their favor until I rule on their Motion For Preliminary Injunction [ECF No. 15].

On July 3, 2013, I issued an Order deferring rulings on all pending motions until Judge Heaton of the United States District Court for the Western District of Oklahoma ruled on the preliminary injunction at issue in *Hobby Lobby Stores, Inc. v. Sebelius*, 12-cv-01000-HE (W.D. Okla.) upon remand by the Tenth Circuit.  On July 19, 2013, Judge Heaton issued an Order [ECF No. 76 in case no. 12-cv-01000-HE] granting Hobby Lobby's motion for preliminary injunction.

On July 22, 2013, the Plaintiffs filed a Second Emergency Application For A Temporary Restraining Order Pending The Court's Ruling On Plaintiffs' Motion For Preliminary Injunction Or, In The Alternative, A Request For A Preliminary Injunction and Request For Forthwith Consideration [ECF No. 42].  The Plaintiffs argue that in light of the *Hobby Lobby* decision and Judge Heaton's issuance of a preliminary injunction in *Hobby Lobby Stores, Inc. v. Sebelius*, 12-cv-01000-HE (W.D. Okla.), I should either enter a temporary restraining order in their favor until I rule on the Motion For Preliminary Injunction [ECF No. 15], or grant their Motion For Preliminary Injunction [ECF No. 15].

On September 5, 2013, I held a hearing to determine the precise scope of the Plaintiffs' objection to the AHCA's preventative care mandate.  The Plaintiffs' stated that their objection to the AHCA's preventative care mandate is identical to that of the *Hobby Lobby* plaintiffs' objection.  Based on the arguments presented at the hearing and the parties' multiple briefs, I stated on the record that I would grant the Plaintiffs' Motion For Preliminary Injunction [ECF No. 15].  This opinion outlines my reasons for doing so.

## ANALYSIS

### A.   The Patient Protection and Affordable Health Care Act ("AHCA"), Pub. L. No. 111-148, 124 Stat. 119 (2010)

On March 23, 2010, President Barack Obama signed into law the AHCA.  The AHCA contains numerous health care reforms.  Among one of the reforms is a mandate that group health plans must provide no-cost coverage for preventative care and screening for women.  Pursuant to 42 U.S.C. § 300gg-13(a)(4):

> (a) In general. A group health plan and a health insurance issuer offering group or individual health insurance coverage shall, at a minimum provide coverage for and shall not impose any cost sharing requirements for--
>
> \*   \*   \*   \*
>
>   (4) with respect to women, such additional preventive care and screenings not described in paragraph (1) as provided for in comprehensive guidelines supported by the Health Resources and Services Administration for purposes of this paragraph.

While the AHCA mandates no-cost coverage for preventative care and screening for women, it does not define or establish what constitutes preventative care and screening for women.  The AHCA delegated this responsibility to the Health Resources and Services Administration ("HRSA").  *See* 42 U.S.C. § 300gg-12(a)(4).  On August 1,

2011, the HRSA adopted recommendations from the Institute of Medicine that

established the scope of preventative care and screening for women. *See HRSA,*

*Women's Preventative Services:  Required Health Plan Coverage Guidelines*,

http://www.hrsa.gov/womensguidelines/ (last visited 9/6/13).  Pursuant to the HRSA's

guidelines, preventative care and screening for women includes "[a]ll Food and Drug

Administration approved contraceptive methods, sterilization procedures, and patient

education and counseling for all women with reproductive capacity." *Id.*  If a group

insurance plan fails to provide such care for women, the insurer shall pay a penalty tax

of one hundred dollars per day "for each day in the noncompliance period with respect

to each individual to whom such failure relates." 26 U.S.C. § 4980D(b)(1).  If the

Plaintiffs fail to offer employee health insurance altogether, they face significant

penalties as well. *See* 26 U.S.C. § 4980H.

There are four exemptions from the AHCA's preventative care mandate.[1]  The

Plaintiffs do not qualify for any of the exemptions.  Thus, they are required by law to

provide no-cost preventative care and screening for women as defined by the HRSA.

## B.  The *Hobby Lobby* Decision

On June 27, 2013, the Tenth Circuit issued its decision in *Hobby Lobby* regarding

a similar challenge to the AHCA as is presented in the case at bar.  The case was

before the Tenth Circuit on appeal of Judge Heaton's denial of the plaintiffs' motion for a

preliminary injunction.  Judge Heaton denied the plaintiffs' motion for preliminary

injunction finding, *inter alia*, that:  (1) Hobby Lobby was not a person under the RFRA

and therefore could not bring such a claim; (2) the individual plaintiffs had not

---

[1] For a detailed explanation of the four exemptions, see *Hobby* Lobby, 2013 U.S. App. LEXIS 13316 at 11-14.

established under the RFRA that the AHCA's mandate substantially burdened their religious exercise; and, (3) in light of those findings, the plaintiffs had not demonstrated a likelihood of success on their RFRA claim. *Hobby Lobby, Inc. v. Sebelius*, 870 F. Supp. 2d 1278, *rev'd and remanded en banc*, 2013 U.S. App. LEXIS 13316.  On appeal, the Tenth Circuit, sitting *en banc*, held that:  (1) Hobby Lobby and Mardel ( a Christian bookstore) are persons under the RFRA and are entitled to bring RFRA claims; (2) the plaintiffs demonstrated that the AHCA's mandate substantially burdened their religious exercise; (3) the plaintiffs established a likelihood of success on their RFRA claims; and, (4) the plaintiffs established that they would suffer irreparable harm if an injunction was not issued. *Hobby Lobby*, 2013 U.S. App. LEXIS 133116 at 2. Because the *en banc* Tenth Circuit did not reach a majority on whether the plaintiffs satisfied the latter two requirements for issuance of a preliminary injunction *i.e.*, whether the harm alleged by the movant outweighs any harm to the non-moving party and whether an injunction is in the public interest, it remanded the case back to Judge Heaton with instructions to "address the remaining two preliminary injunction factors and then assess whether to grant or deny the plaintiffs' motion." *Id.* at 81.

## C.  Legal Standard For Issuance of a Preliminary Injunction

In order to obtain a preliminary injunction, the movant must establish:  "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *GMC v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citing *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1255

(10th Cir. 2003)). Pursuant to the Tenth Circuit's *Hobby Lobby* decision, I need only analyze the latter two factors. *See* 2013 U.S. App. LEXIS 133116 at 81 (Finding in Hobby Lobby's favor regarding a substantial likelihood of success on the merits and irreparable harm, and stating "we . . . remand with instructions that the district court address the remaining two preliminary injunction factors and then assess whether to grant or deny the plaintiffs' motion").

**1. Whether The Threatened Injury Outweighs The Harm That The Preliminary Injunction May Cause The Opposing Party**

At the September 5, 2013, hearing, the Plaintiffs stated on record that they face up to five million dollars in fines, per year, if they choose to offer health insurance that does not comply with the AHCA's preventative care mandate. The Plaintiffs further stated that if they choose not to offer health insurance at all, they face fines in the range of three to four hundred thousand dollars per year. The Plaintiffs state that they employ approximately 200 persons. If the Government is enjoined from enforcing the AHCA's preventative care mandate on those 200 persons, the harm caused by such injunction is outweighed by the punitive fines the Plaintiffs face. Further, the Government has exempted a large quantity of persons from the AHCA's preventative care mandate. While I will not speculate on the exact number of persons exempted, I note that the Tenth Circuit stated that "the government has already exempted health plans covering millions of others." *Hobby Lobby*, 2013 U.S. App. LEXIS 133116 at 79. Exempting another 200 persons from the AHCA's preventative care mandate will not deal a catastrophic blow to the Government such that the harm an injunction would cause the Government would be greater than the harm suffered by the Plaintiffs.

The Food and Drug Administration ("FDA") approved twenty contraceptive methods that fall under the AHCA's preventative care mandate. *Hobby Lobby*, 2013 U.S. App. LEXIS 133116 at 9. The Plaintiffs only object to four of the twenty FDA approved methods: an identical objection to that of the *Hobby Lobby* plaintiffs. *Id.* at 73. The Plaintiffs do not object to providing the other sixteen FDA approved methods. As such, "the government's interest is largely realized while coexisting with [the Plaintiffs'] religious objections." *Id.* at 79.

Therefore, I find that that the threatened injury to the Plaintiffs outweighs the harm an injunction may cause the Government.

### 2. Whether An Injunction Is In The Public Interest

To be clear, the Plaintiffs' rights under the RFRA are statutory. However, the RFRA implicates religious rights recognized by the Constitution of the United States *e.g.*, the Free Exercise Clause. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Hobby Lobby*, 2013 U.S. App. LEXIS 133116 at 80 (citation omitted). Thus, an injunction is in the public interest.

### CONCLUSION

After careful consideration of the matters before this Court, I find that issuance of preliminary injunction is warranted. Accordingly, it is

ORDERED that the Plaintiffs' Motion For Preliminary Injunction [ECF No. 15] is **GRANTED**, and the Defendants, their agents, officers, and employees are **ENJOINED and RESTRAINED from enforcing the AHCA's preventative care mandate on the Plaintiffs only with respect to the four objectionable FDA approved methods**: (1) Ella; (2) Plan B, Plan B One-Step, and Next Choice (Levonorgestrel); (3) the Copper

IUD; and, (4) the IUD with Progestin.  The Defendants, their agents, officers, and employees are **ENJOINED and RESTRAINED from enforcing the AHCA's preventative care mandate as to the four objectionable FDA approved methods and any penalties related thereto until further order by this Court**.  It is

FURTHER ORDERED that the Plaintiffs' Second Emergency Application For A Temporary Restraining Order Pending The Court's Ruling On Plaintiffs' Motion For Preliminary Injunction Or, In The Alternative, A Request For A Preliminary Injunction and Request For Forthwith Consideration [ECF No. 42] is **GRANTED** to the extent the Plaintiffs seek a preliminary injunction, and such injunction is limited in scope as stated in this order.  It is

FURTHER ORDERED that the following motions filed by the Plaintiffs' are **DENIED AS MOOT**:  (1) Motion For An Order Or, In The Alternative, Request To Set Motion For Preliminary Injunction For Hearing [ECF No. 34]; (2) Motion For An Order Or, In The Alternative, Request To Set Plaintiffs' Preliminary Injunction Motion For Hearing and Request For Forthwith Consideration [ECF No. 39]; and, (3) Emergency Application For A Temporary Restraining Order Pending The Court's Ruling On Plaintiffs' Motion For Preliminary Injunction and Request For Forthwith Consideration [ECF No. 40].  It is

FURTHER ORDERED that the Government shall immediately, upon notice, inform the Court whether it seeks to appeal either the Tenth Circuit's *Hobby Lobby* decision and/or Judge Heaton's order issuing a preliminary injunction in *Hobby Lobby Stores, Inc. v. Sebelius*, 12-cv-01000-HE (W.D. Okla.).

- 11 -

Dated:  September 6, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge